Floyd W. Bybee, SB 012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Brent M. Bybee;<br><br>Plaintiff,<br><br>v.<br><br>Delta Career Education Corporation;<br>Roth Staffing Companies, L.P.,<br>d/b/a Ultimate Staffing Services; and<br>Pre-employ.com, Inc.;<br><br>Defendants. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

## I. PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer against the Defendants for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended* and the common law.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court, over this action and the parties herein, arises

|   |   |   |
|---|---|---|
| 1 | | under 15 U.S.C. § 1681p (FCRA), 28 U.S.C. § 1331 and 1337. Venue |
| 2 | | lies in the Phoenix Division of the District of Arizona as Plaintiff's |
| 3 | | claims arose from acts of the Defendants perpetrated therein. |
| 4 | | **III.  PARTIES** |
| 5 | 3. | Plaintiff Brent M. Bybee is an adult individual who resides in Maricopa |
| 6 | | County, Arizona. |
| 7 | 4. | Defendant Delta Career Education Corporation (hereinafter "Delta") is |
| 8 | | a business entity that regularly conducts business in the District of |
| 9 | | Arizona, and which has a principal place of business located at 99 |
| 10 | | Canal Center Plaza, Suite 501, Alexandria, Virginia 22314. |
| 11 | 5. | Defendant Roth Staffing Companies, L.P., d/b/a/ Ultimate Staffing |
| 12 | | Services (hereinafter "Ultimate") is a business entity that regularly |
| 13 | | conducts business in the District of Arizona, and which has a principal |
| 14 | | place of business located at 21410 N. 19th Avenue, Suite 110, Phoenix, |
| 15 | | Arizona 85027. |
| 16 | 6. | Defendant Pre-employ.com, Inc. (hereinafter "Pre-employ") is a con- |
| 17 | | sumer reporting agency that regularly conducts business in the District |
| 18 | | of Arizona, and which has a principal place of business located in |
| 19 | | Redding, California. |
| 20 | | **IV.  FACTUAL ALLEGATIONS** |
| 21 | 7. | Defendant Pre-employ has been reporting derogatory and inaccurate |
| 22 | | statements and information relating to Plaintiff and Plaintiff's criminal |
| 23 | | history to third parties (hereafter the "inaccurate information") from at |
| 24 | | least June 2014 through the present. |
| 25 | 8. | The inaccurate information includes, but is not limited to two felony |

1  convictions for possession of drug paraphernalia against Plaintiff that
2  were in fact only misdemeanors.
3  9.  Pre-employ has been reporting the inaccurate information through the
4      issuance of false and inaccurate consumer reports that it has dissemi-
5      nated and resold to various persons, both known and unknown, includ-
6      ing but not limited to Defendants Delta and Ultimate.
7  10. Specifically, Plaintiff had been employed by Ultimate, a staffing
8      company, to work for Delta as an admissions counselor for several
9      months.
10 11. On June 16, 2014, Ultimate notified Plaintiff by email that "Delta
11     would like to release you from your assignment tonight. You do not
12     need to return tomorrow. Please drop your badge off at our Tempe
13     office (Broadway and 101/Price)."
14 12. When asked why, Ultimate replied that multiple felonies showed on his
15     background report, and therefore Delta could not hire him.
16 13. The basis for this denial was the inaccurate information that appears on
17     Plaintiff's consumer reports, which was a substantial factor for the
18     denial.
19 14. Plaintiff further received no contemporaneous notice from Defendant
20     Pre-employ in connection with the application that public record
21     information was being reported about Plaintiff at the time it sold a
22     credit report about Plaintiff for employment purposes in compliance
23     with 15 U.S.C. § 1681k.
24 15. Under the FCRA, a "user" of a consumer report who intends to take an
25     "adverse action" on a job application "based in whole or in part" on

|||
|---|---|
| | information obtained from the consumer report must provide a copy of the report to the job applicant, along with a notice of the applicant's dispute rights under the FCRA, before taking the adverse action, 15 U.S.C. § 1681b(b)(3)(A). |
| 16. | Here, Ultimate and Delta used the Pre-employ's report in their determination about Plaintiff's eligibility for employment, but never provided the required notice that adverse action may be taken based in whole or in part on the information contained in the Pre-employ employment report or a copy of the report. |
| 17. | The reasons for the "pre-adverse action" requirement with regard to employment situations are to alert the job applicant that he or she is about to be rejected based on the content of a report, and provide him or her an opportunity to challenge the accuracy or relevancy of the information with the consumer reporting agency or the user before that job prospect is lost. |
| 18. | Ultimate and Delta never provided such a notice to Plaintiff, depriving him of the right to dispute, and have corrected, inaccurate or misleading information reported about him. |
| 19. | Immediately after the sale of a Pre-employ consumer report to Ultimate and or Delta, Plaintiff's employment was terminated and Plaintiff was informed by Ultimate that the basis for this denial was the felony criminal record information that appeared on Plaintiff's consumer report and that the inaccurate information was a substantial factor for the denial. |
| 20. | As a result of Defendants' conduct, Plaintiff has suffered actual dam- |

ages in the form of lost employment opportunities, harm to reputation, emotional distress, humiliation and embarrassment.

21. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

22. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## V.  CAUSES OF ACTION

## COUNT 1 – PRE-EMPLOY

### Violations of the FCRA

23. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

24. At all times pertinent hereto, Defendant Pre-employ was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

25. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

26. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

27. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681*o*, Defendant Pre-employ is liable to the Plaintiff for willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible

1    accuracy of Plaintiff's credit report, information and file, in violation of

2    15 U.S.C. § 1681e(b).

3  28.  Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant Pre-employ is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681b(b).

29.  Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant Pre-employ is liable to Plaintiff for:

(a)  willfully and negligently failing to provide notice to Plaintiff that public record information was being reported for employment purposes in violation of 15 U.S.C. § 1681(k); and/or

(b)  willfully and negligently failing to employ strict procedures to ensure that public record information is complete and up to date, in violation of 15 U.S.C. § 1681(k).

30.  The conduct of Defendant Pre-employ was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant Pre-employ is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**COUNT 2 – ULTIMATE AND DELTA**

**Violations of the FCRA**

31.  Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

| | | |
|---|---|---|
| 1 | 32. | At all times pertinent hereto, Defendants Ultimate and Delta were "persons" and a "users of consumer reports for employment purposes" as those terms are defined by 15 U.S.C. § 1681a(b) and § 1681b(b)(3)(A). |
| 5 | 33. | At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c). |
| 7 | 34. | At all times pertinent hereto, the above-mentioned consumer reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d). |
| 10 | 35. | Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681*o*, Defendants Ultimate and Delta are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a user of consumer reports for employment purposes pursuant to 15 U.S.C. § 1681b(b)(3). |
| 15 | 36. | The conduct of Defendants Ultimate and Delta was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff outlined more fully above and, as a result, Defendants Ultimate and Delta are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law. |

## VI.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VII.  PRAYER FOR RELIEF

37. WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and dam-

ages against the Defendants, based on the following requested relief:

(a) Statutory damages;

(b) Actual damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681*o*; and

(e) Such other and further relief as may be necessary, just and proper.

DATED       June 15, 2016      .

                       s/ Floyd W. Bybee
Floyd W. Bybee, SB 012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff